PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
CHRISTOPHER S. HALES
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARCHAEOLOGICAL RESOURCES TAKEN FROM THE EMIGRANT TRAIL AS LISTED IN EXHIBIT A,<br><br>Defendant. | STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |

The United States of America and potential claimant Timothy A. Moffatt ("claimant"), by and through their respective counsel hereby agree and STIPULATE as follows:

1.     Claimant hereby agrees and stipulates that the following Statement of Facts is true and accurate.  In October 2011, claimant and Lawrenzo C.P. Manza, aka Larry Manza ("Manza"), traveled to federal lands in the vicinity of the Emigrant Trail in the Humboldt-Toiyabe National Forest in Alpine County, California.  Claimant intended to look for artifacts from the Gold Rush era of western migration from approximately 1849-1852.  The digging was inspired at least in part by a book entitled "Gold Rush Trail" by Frank Tortorich, which provides a hiking and driving guide to the Carson River Route of the Emigrant Trail.  Claimant and Manza traveled to a meadow adjacent to the Hope Valley Sno-Park on Blue Lakes Road in Markleeville, California.  Claimant and Manza used metal detectors to determine locations to dig in the meadow, and then dug into the ground and removed various items, including ox

1

shoes, horse shoes, and metal buckles.  Claimant dug approximately 20 holes in this meadow and removed various items including ox shoes, horse shoes, and at least one metal buckle.

2. During an interview with claimant at his house, he provided agents with a box of items that came from his digging in the area of the Emigrant Trail.  This box included approximately 10 horse shoes and ox shoes among a total of approximately 119 items, which also included wagon parts and bullets.  While in the meadow, Manza video recorded himself removing a metal buckle from a hole in the ground that claimant had uncovered, and that was later taken home by claimant.  As claimant was aware, the ox shoes, horse shoes, and metal buckle removed from the meadow were of archaeological interest and at least 100 years of age.

3. The meadow where the digging occurred was on lands administered by the United States as a part of the national forest system, to wit the Humboldt-Toiyabe National Forest administered by the United States Forest Service.  Claimant did not obtain a permit allowing him to perform the digging and removal described above, nor was the digging subject to any statute exempting him from application of 16 U.S.C. § 470ee.

4. On September 21, 2016, the United States filed an Information in case number 2:16-CR-00183-EFB charging Timothy A. Moffatt with violations of 16 U.S.C. § 470ee(a) and (d) – Excavation and Removal of Archaeological Resources from Public Lands ("Count One," a Class A misdemeanor) and 16 U.S.C. § 551 and 36 C.F.R. § 261.9(g) – Performing Prohibited Acts With Respect to a Historic or Archaeological Resource, Site, or Artifact ("Count Two," a Class B Misdemeanor).  On February 6, 2017, Timothy A. Moffatt entered into a Deferred Prosecution Agreement in that case.  In the agreement, claimant agreed to execute a stipulation for consent judgment that the items listed in Exhibit A are subject to forfeiture pursuant to 16 U.S.C. § 470gg(b).

5. The parties agree that the defendant Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A are forfeitable to the United States pursuant to 16 U.S.C. § 470gg(b).

6. Without admitting the truth of the factual assertions contained in this Stipulation, claimant specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A.  Should any person

or entity institute any kind of claim or action against the government with regard to its forfeiture of the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A were seized.

9. The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered based upon the following terms with which claimant Timothy A. Moffatt expressly agrees:

    a. Upon entry of the Consent Judgment of Forfeiture, the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A shall be forfeited to the United States pursuant to 16 U.S.C. § 470gg(b), to be disposed of according to law.

    b. Claimant hereby releases the United States and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A.  The United States hereby releases claimant from any liability arising out of or in any way connected with the seizure or forfeiture of the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

    c. Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any civil or criminal litigation.

    d. Reasonable cause for the seizure of the Archaeological Resources taken from the Emigrant Trail as listed in Exhibit A exists and the Court may enter a Certificate of Reasonable Cause

pursuant to 28 U.S.C. § 2465.

    e.    Each party represents that he or she understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

    f.    All parties will bear their own costs and attorney's fees.

Date: 2/24/2017

PHILLIP A. TALBERT
United States Attorney

By: _____
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Date: 2-17-2017

_____
TIMOTHY A. MOFFATT
Potential Claimant

Date: 2-23-2017

_____
SAGE KAVENY
Attorney for Timothy A. Moffatt

# EXHIBIT A
## Archaeological Resources

**Horse and Oxen Shoes**

| Quantity | Description |
|---|---|
| 6 | Horse shoes |
| 1 | Small mule shoe |
| 4 | Ox shoes, 3 right hoof, and 1 left |

**Tools**

| Quantity | Description |
|---|---|
| 1 | Single bit axe |
| 1 | Fine file (broken) |
| 1 | 15 ½ inch by 1 inch cold chisel |
| 1 | 2 and a ½ inch hinge, broken, 3 screw holes |
| 1 | 3 and 3/8th inch large washer with 1 and 7/8th inch hole |
| 2 | Links of large chain, loops are 3 and ½ inch in length |
| 1 | Wagon single-tree harness fragment |
| 1 | 1 and ¾ inch large metal ring (3/16th wire) |
| 2 | Square 3/8 inch nuts |
| 1 | Triangular metal washer/bracket, 4 inch by 2 inch, center hole with 2 holes for screws |
| 1 | Brass 5/8 inch diameter, ½ inch high peg (with attached iron fragment) |
| 1 | 2 inch by 1 inch metal L bracket, single screw holes each angle |
| 1 | Fragments metal strap ¾ inch wide by 1/8th inch thick, with 1 and ¼ inch (plus) wood screw embedded in one |
| 2 | Metal strap ¾ inch by 1/8th inch thick by minimum 2 inch length having two screw holes |
| 1 | Metal fragment 5/8th inch wide 3/16th inch thick, 3 and ½ inch long or longer (with cog) |
| 1 | Flange for rivet (?) 5/8th inch wide and 3/16th inch thick with hole for rivet and two screw holes |
| 1 | One inch diameter brass cap with raised center hole (1/4 inch) and raised side hole, plus steel fragment attached below |
| 1 | Small fragment of oak wood |
| 1 | Flat plate, may be lock part which is 7/8th inch wide, 4 inches long with one 3/8th inch hole and one irregular hole. Narrow point for attachment at both ends of plate |
| 1 | Long flat piece of metal with oak board attached, may be fragment of wagon brake handle. Object is 15 and ½ inches long, maximum 3 and ½ inches wide and 7/8th inch thick |
| 1 | 4 inch piece of 1/8th inch wire |
| 1 | Metal fragment 1/8th inch thick, ½ inch wide by one and ½ inch long, having a serrated "tooth" |

///

Stipulation for Consent
Judgment of Forfeiture

**Rifle Parts**

| Quantity | Description |
|---|---|
| 1 | Percussion lock for rifle (partially cleaned for rust removal). Scroll work partially visible on face and hammer |

**Bullets**

| Quantity | Description |
|---|---|
| 1 | Bullet casing, W.R.A. CO. 45 COLT embossed on base, rimfire |
| 3 | 22 caliber long rifle rim fire shells |
| 1 | Lead bullet, approximately 32 caliber |
| 1 | 22 caliber lead bullet |
| 4 | Approximately 50 caliber lead balls |
| 1 | Approximately 50 caliber lead flattened (fired) ball |
| 2 | Approximately 32 caliber lead balls |
| 6 | Approximately 25 caliber lead balls |
| 2 | Spent and flattened lead balls |

**Nails, Screws, Fasteners**

| Quantity | Description |
|---|---|
| 10 | Large head, square cut nails with heads about ½ inch diameter, 1 nail clinched |
| 3 | Approximately 16 penny square cut nails |
| 10 | Approximately 8 penny square cut nails |
| 9 | Approximately 6 penny square cut nails |
| 5 | Approximately 4 penny square cut nails, some clinched |
| 9 | Unclassifiable square nail fragments |
| 8 | Horse, mule or ox shoe nails |
| 1 | Screw, one and ¼ inch length |
| 1 | Screw, minimum length 2 inches (broken) |
| 1 | Screw fragment |
| 1 | Steel wrought fastener to fasten wood, one and ¾ inch thick |

**Foodstuffs/Containers**

| Quantity | Description |
|---|---|
| 1 | Brownware ceramic crock fragment, less than 1 inch in size |
| 1 | Ceramic bottle mouth, 1 and 7/8th inch diameter |
| 1 | Deep aqua bottle glass fragment ¼ inch thick |

Stipulation for Consent
Judgment of Forfeiture